[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10442
Non-Argument Calendar

_____

D.C. Docket No. 0:16-cr-60216-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT WATSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 27, 2017)

Before ED CARNES, Chief Judge, JULIE CARNES, and JILL PRYOR, Circuit
Judges.

PER CURIAM:

Robert Watson appeals from his conviction for bank robbery in violation of

18 U.S.C. § 2113(a). He contends that the district court erred by classifying him as a career offender under United States Sentencing Guidelines § 4B1.1, focusing excessively on the sentencing guidelines during sentencing, and imposing a sentence that is procedurally and substantively unreasonable. We disagree.

Watson first contends that he is not a career offender under the sentencing guidelines. To qualify as a career offender under § 4B1.1, a defendant must (1) be at least eighteen years old, (2) be convicted of a crime of violence or controlled substance offense, and (3) have at least two prior convictions for either a crime of violence or a controlled substance offense. In addition to his underlying conviction for bank robbery, Watson has two earlier federal bank robbery convictions. And a prior panel of this court has already held that bank robbery, as defined in 18 U.S.C. § 2113(a), is categorically a crime of violence under § 4B1.2. In Re Sams, 830 F.3d 1234, 1240–41 (11th Cir. 2016).[1]

While Watson argues that In Re Sams was wrongly decided, its holding can be overturned only by the Supreme Court or this Court sitting en banc.[2] United

---

[1] At the time the In re Sams decision was issued, robbery was explicitly listed as a crime of violence in the commentary to § 4B1.2. U.S.S.G. § 4B1.2 cmt. 1 (2015). Since that time, however, § 4B1.2 has been amended so that robbery is explicitly listed as a crime of violence in the text of the guideline. U.S.S.G. § 4B1.2(a)(2) (2016). That change does not affect our analysis of this issue.

[2] Watson also argues that In re Sams is of "questionable" precedential value because we "disregarded" it in a later, unpublished three judge order. But of course, unpublished orders have no precedential weight. 11th Cir. R. 36-2. And even if they did, it is In re Sams' rule that would govern, because it was decided first. United States v. Madden, 733 F.3d 1314, 1319 (11th Cir. 2013) ("When we have conflicting case law, we follow our oldest precedent.").

States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008).  And that is true regardless of whether we think it was poorly reasoned or incorrectly decided.  United States v. Fritts, 841 F.3d 937, 942 (11th Cir. 2016) ("Under this Court's prior panel precedent rule, there is never an exception carved out for overlooked or misinterpreted Supreme Court precedent."); Perez-Guerrero v. U.S. Att'y Gen., 717 F.3d 1224, 1231 (11th Cir. 2013) ("Under our prior precedent rule, a panel cannot overrule a prior one's holding even [if] convinced it is wrong.") (quotation marks omitted) (alteration in original).

Watson next contends that the Supreme Court's recent decision in Beckles v. United States, 580 U.S. ___, 137 S. Ct. 886 (2017), radically changed the nature of sentencing under the guidelines.  He argues that, because Beckles says that the guidelines "merely guide" the district court's discretion and that district courts rely on them "merely for advice in exercising" their discretion, id. at 892, 894–95, the guidelines are no longer the "lodestone of sentencing," Peugh v. United States, 569 U.S. ___, 133 S. Ct. 2072, 2084 (2013).  As a result, Watson claims, Beckles has abrogated (or at least severely limited the reach of) most (if not all) of the post-Booker decisions from the Supreme Court, this Court, and our sister circuits treating the guidelines as the central feature of the federal sentencing process.  No longer, says Watson, should district courts be forced to, among other things, justify variances from the guidelines.  Instead, they must treat the guidelines only as one

3

of several equally important factors listed in 18 U.S.C. § 3553(a).

Beckles does not command, imply, suggest, or even hint at such a sea change in federal sentencing jurisprudence.  In reality, Watson's argument is that the Beckles decision is inconsistent with several of the Supreme Court's earlier decisions.  Even if we indulge the assumption that he may be correct on that point, it would be the Supreme Court's prerogative to resolve any inconsistency, not ours.  We are bound to enforce the Supreme Court's earlier decisions and our own unless and until they are explicitly overruled.  State Oil Co. v. Kahn, 522 U.S. 3, 20, 118 S. Ct. 275, 284 (1997) ("[I]t is this Court's perogative alone to overrule one of its precedents."); Evans v. Sec'y, Fla. Dep't of Corr., 699 F.3d 1249, 1263 (11th Cir. 2012) ("The [Supreme] Court has told us, over and over again, to follow any of its decisions that directly applies in a case, even if the reasoning of that decision appears to have been rejected in later decisions and leave to that Court the prerogative of overruling its own decisions.") (quotation marks omitted); Archer, 531 F.3d at 1352.

Finally, Watson appears to contend that his sentence is procedurally and substantively unreasonable.  Because he did not raise this contention in the district court, we review it only for plain error.  United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014).  As a result, we can reverse the district court only if (1) an error occurred that:  (2) was plain, (3) affected Watson's substantial rights,

4

and (4) "seriously affect[ed] the fairness, integrity, or public reputation of [the] judicial proceedings." United States v. DiFalco, 837 F.3d 1207, 1220–21 (11th Cir. 2016).

"A sentence is procedurally unreasonable if the district court erred by failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." United States v. Rodriguez, 628 F.3d 1258, 1264 (11th Cir. 2010) (quotation marks omitted). "In general, the district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. . . . It is sufficient that the district court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account." United States v. Sanchez, 586 F.3d 918, 936 (11th Cir. 2009) (quotation marks and citation omitted).

Here the district court did both. It stated on the record that it had considered the § 3553(a) factors, and its discussion makes clear that it considered the factors as well as Watson's arguments. The court considered that Watson had not used or threatened to use a gun in this robbery. 18 U.S.C. § 3553(a)(1) (directing the court to consider "the nature and circumstances of the offense"); id. § 3553(A)(2)(A)

(directing the court to consider "the need for the sentence imposed . . . to reflect the seriousness of the offense").  It noted that Watson had violated supervised release in the past, had a history of robbing banks after being released from prison, and had a drug and alcohol problem.  Id. § 3553(a)(1) (directing the court to consider "the history and characteristics of the defendant").  The district court explicitly invoked the need to "promote respect for the law" and "afford adequate deterrence to criminal conduct," id. § 3553(a)(2)(A), (B), when it reasoned that Watson should not receive a lower sentence for this robbery than he received in 2002 for an earlier robbery.  It gave Watson credit for "being an intelligent individual" who was "capab[le] of being a productive member of society."  And it clearly considered "the kinds of sentences available," id. § 3553(a)(3), because it tailored Watson's supervised release conditions to his specific offense and characteristics.  Watson's sentence is not procedurally unreasonable.

Nor is Watson's sentence substantively unreasonable. "The party challenging the sentence bears the burden to show it was substantively unreasonable in light of the record and the [18 U.S.C.] § 3553(a) factors."  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).  "[W]e are to vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated

by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir.

2010) (en banc) (quotation marks omitted).  "Although we do not automatically

presume a sentence within the guidelines range is reasonable, we ordinarily . . .

expect a sentence within the [g]uidelines range to be reasonable."  United States v.

Hunt, 526 F.3d 739, 747 (11th Cir. 2008) (quotation marks omitted) (first

alteration in original).

As we have already explained, the district court thoroughly examined the

§ 3553(a) factors in this case.  The sentence of 152 months in prison was within

Watson's guidelines range.  And there is nothing in the record to support a finding

that the district court "committed a clear error in judgment" in arriving at its

sentence.  See Irey, 612 F.3d at 1190.  Watson argues that the district court should

not have considered whether his sentence on this bank robbery would have been

higher or lower than his 2002 bank robbery sentence because that earlier sentence

was imposed before the Supreme Court ruled that the sentencing guidelines were

merely advisory.  United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

He points to statistics showing a decline in the average sentence imposed for bank

robberies since the Booker decision and that a large number of career offenders are

sentenced outside their guidelines ranges.  Watson also argues that the district

court should not have considered that he received a sentence within the guidelines

in 2002 notwithstanding psychological mitigating evidence because — before

Booker — mental and emotional conditions only rarely justified departures from the guidelines.  But he never presented any those arguments to the district court, and we cannot say that the district court plainly erred by failing to sua sponte consider them.

To the extent Watson also claims that the district court should have assigned additional weight to the mitigating factors he did present at his sentence hearing, we do not think the district court's balancing of the factors amounted to a clear error in judgment.  Id.  Even if we might have weighed the factors differently ourselves, that is not enough to warrant reversal.  See Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).

The district court did not err by counting Watson's bank robbery convictions as crimes of violence under the sentencing guidelines.  And Watson's sentence is neither procedurally nor substantively unreasonable.

**AFFIRMED.**

8