[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-14515-J

_____

IN RE: JAMES HOWARD SAMS,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____

Before: ED CARNES, Chief Judge, HULL, and WILLIAM PRYOR, Circuit Judges.

B Y   T H E   P A N E L:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), James Howard Sams has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if we certify that the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the

application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

In his application, Sams indicates that he wishes to raise the following claims in a second or successive § 2255 motion: (1) his counsel was ineffective for not objecting to his sentence pursuant to 18 U.S.C. § 924(c) because no weapon was ever recovered or presented as evidence; (2) his sentence pursuant to 18 U.S.C. § 2113(a) exceeded the statutory maximum sentence; (3) the sentencing court erred by not making Sams aware of the mandatory minimum sentence under §§ 2113(a) and 924(c); (4) his sentence was in violation of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) because his guideline sentence was treated as mandatory rather than advisory; (5) his jury was tainted by extraneous influences and juror misconduct; (6) the prosecutor engaged in misconduct by charging him under § 2113(a) instead of § 2113(a) and (d); (7) his indictment was defective for "lack of substance on gun possession"; (8) his counsel was ineffective for not requesting a change of venue after the mistrial; (9) his career-offender enhancement violates due process because his prior offenses are not "crimes of violence"; and (10) his conviction pursuant to § 924(c) violates due process because he was not convicted of a "crime of violence." He states that his claims rely upon a new rule of constitutional law, citing *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), and *Welch v. United States* 578 U.S. ___, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016). He also indicates that his claims rely on newly discovered evidence, based on the decisions in *Brown v. United States*, Nos. CV415-199, CR 412-278, 2016 U.S. Dist. LEXIS 46588 (S.D. Ga. Apr. 6,

2

2016), and *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013).   He

argues that his newly discovered evidence establishes his innocence because he never possessed a

firearm and no weapon was recovered, and, therefore, his § 924(c) conviction was unlawful.

## I.   THE ACCA

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), defines the term "violent

felony" as any crime punishable by a term of imprisonment exceeding one year that:

(i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)   is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).   The first prong of this definition is sometimes referred to as the

"elements clause," while the second prong contains the "enumerated crimes" and, finally, what is

commonly called the "residual clause."   *United States v. Owens*, 672 F.3d 966, 968 (11th Cir.

2012).

On June 26, 2015, the Supreme Court in *Johnson* held that the residual clause of the ACCA

is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by

a crime and how much risk it takes to qualify as a violent felony.   *Johnson*, 576 U.S. at ___, ___,

135 S. Ct. at 2557-58, 2563.   The Court clarified that, in holding that the residual clause is void, it

did not call into question the application of the elements clause and the enumerated crimes of the

ACCA's definition of a violent felony.   *Id.* at ___, 135 S. Ct. at 2563.   In *Welch*, the Supreme

Court thereafter held that *Johnson* announced a new substantive rule that applies retroactively to

cases on collateral review.   *Welch*, 578 U.S. at ___, ___, 136 S. Ct. at 1264-65, 1268.

3

In light of the Supreme Court's holdings in *Johnson* and *Welch*, federal prisoners who can make a *prima facie* showing that they previously were sentenced, at least in part, in reliance on the ACCA's now-voided residual clause are entitled to file a second or successive § 2255 motion in the district court.    *See In re Robinson*, 822 F.3d 1196, 1197 (11th Cir. 2016).   However, merely alleging a basis that meets § 2255(h)'s requirements in the abstract only "represent[s] the minimum showing" necessary to file a successive § 2255 motion because, under § 2244(b)(3)(C), the applicant also must make "a *prima facie* showing that the application satisfies the requirements of this subsection."   *In re Holladay*, 331 F.3d 1169, 1173 (11th Cir. 2003).   Accordingly, it appears that it is not enough for a federal prisoner to simply identify *Johnson* as the basis for the claim or claims he seeks to raise in a second or successive § 2255 motion, as he also must show that he falls within the scope of the new substantive rule announced in *Johnson*.   *See, e.g.*, *id.*; 28 U.S.C. § 2244(b)(3)(C).

## II.   SECTION 924(c) CLAIM

Distinct from the provision in § 924(e), § 924(c) provides for a mandatory consecutive sentence for any defendant who uses a firearm during a crime of violence or a drug-trafficking crime.   18 U.S.C. § 924(c)(1).   For the purposes of § 924(c), "crime of violence" means an offense that is a felony and:

> (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id*. § 924(c)(3)(A), (B).   The former clause is referred to herein as the "use-of-force" clause and that later clause as the "§ 924(c)(3)(B) residual clause."   Notably, the ACCA's elements clause

4

only involves the use of force "against the person of another," while the use-of-force clause involves the use of force "against the person or property of another." *Compare* 18 U.S.C. § 924(e)(2)(B)(i), *with* 18 U.S.C. § 924(c)(3)(A) (emphasis added). Further, the physical force used can be an "attempted use" or even a "threatened use" of force. *See* 18 U.S.C. § 924(c)(1)(A).

We recently recognized that it is an open question whether *Johnson* applies to the residual clause set out in 18 U.S.C. § 924(c)(3)(B). *In re Pinder*, ___ F.3d ___, ___, No. 16-12299, 2016 WL 3081954, at *2 (11th Cir. June 1, 2016). In *Pinder*, this Court considered whether a companion charge of conspiracy to commit Hobbs Act robbery might qualify as a crime of violence under § 924(c). *Id.* at *2 n.1. Because it was not clear whether conspiracy to commit Hobbs Act robbery qualified as a crime of violence under § 924(c), this Court concluded that the applicant had made a *prima facie* case that *Johnson* impacted the validity of his § 924(c) conviction. *Id.*

In other cases, it has been clear that the § 924(c) companion conviction qualifies as a crime of violence under § 924(c). *See, e.g.*, *In re Saint Fleur*, ___ F.3d ___, ___, No. 16-12299-J, 2016 WL 3190539, at *3 (11th Cir. June 8, 2016) (11th Cir. June 8, 2016) (concluding that a companion conviction for substantive Hobbs Act robbery "clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)" without regard to the § 924(c)(3)(B) residual clause); *In re Hines*, ___ F.3d ___, ___, No. 16-12454-F, 2016 WL 3189822, at *3 (11th Cir. June 8, 2016) (concluding that a companion conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), "clearly" qualifies as a "crime of violence" under the § 924(c)(3)(A) use-of-force clause without regard to the § 924(c)(3)(B) residual clause); *In re Colon*, ___ F.3d ___, ___, Nos. 16-13021-J, 16-13264-J, 2016 WL 3461009, at *3-4 (11th Cir. June 24, 2016)

5

(same for a companion conviction for aiding and abetting a Hobbs Act robbery); *In re Smith*, ___ F.3d ___, ___, Nos. 16-13661-J, 16-14000-J, 2016 WL 3895243, at *3 (11th Cir. July 18, 2016) (same for a companion conviction for carjacking, in violation of 18 U.S.C. § 2119); *see also In re Gordon*, ___ F.3d ___, ___, Nos. 16-13681-J, 16-13803-J, 2016 WL 3648472, at *4 (11th Cir. July 8, 2016) (concluding that *Saint Fleur* and *Hines* do not conflict with *Pinder* and rejecting the claim that under the prior panel precedent rule, *Pinder*, not *Saint Fleur* and *Hines*, control the outcome of an applicant's *Johnson*-based § 924(c) claim).

Here, Sams was indicted on one count of bank robbery, in violation of § 2113(a) ("Count 1"), and one count of possessing, carrying, using, and brandishing of a firearm during the commission of a crime of violence, in violation of § 924(c)(1)(A)(ii) ("Count 3").[1]  Count 1 of the indictment charged that Sams, "by force and violence and intimidation, took United States Currency from the person of another which was in the care, custody, control, management and possession of Northwest Georgia Bank, a bank insured by the Federal Deposit Insurance Corporation."  Count 3 of the indictment charged that Sams "possessed, carried, used, and brandished a firearm during the commission of a crime of violence, that is, the bank robbery alleged in Count One."  A jury convicted Sams of Counts 1 and 3.  Sams was sentenced to a term of imprisonment of 240 months as to the § 2113(a) conviction in Count 1 and a consecutive term of 84 months as to the § 924(c) conviction in Count 3.

Sams has not made a *prima facie* showing for relief under *Johnson* as to his conviction pursuant to § 924(c).  Sams's § 924(c) conviction was based on his companion conviction for

---

[1]Sams was also indicted on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e) ("Count 2").  That count was ultimately dismissed. The sentence at issue in this case was imposed on only Counts 1 and 3.

bank robbery, in violation of § 2113(a), which requires that the defendant take the property of a bank "by force and violence, or by intimidation." *See* 18 U.S.C. § 2113(a). We have concluded that an armed bank robbery conviction pursuant to § 2113(a) and (d) qualifies as a crime of violence because it requires as an element, "the use, attempted use, or threatened use of physical force against the person or property of another," as set out in § 924(c)(3)(A). *Hines*, manuscript op. at 5-7. Additionally, as to the "by intimidation" language contained in § 2113(a), this Court has held that similar language still satisfies the § 924(c)(3)(A) use-of-force clause. *See United States v. Moore*, 43 F.3d 568, 572-73 (11th Cir. 1994) (concluding, in the context of the federal carjacking statute, 18 U.S.C. § 2119, that "[t]aking or attempting to take by force and violence *or by intimidation* . . . encompasses the use, attempted use, or threatened use of physical force." (emphasis added) (quotation marks and alterations omitted)).

While we have not directly held that a bank robbery conviction under only § 2113(a), rather than an armed bank robbery conviction under § 2113(a) and (d), qualifies as a crime of violence under the § 924(c)(3)(A) use-of-force clause, the statutory language in § 2113(a) and our holdings in *Hines* and *Moore* make clear that such a conviction falls within the scope of the § 924(c)(3)(A) use-of-force clause. Indeed, other circuits have concluded that a bank robbery conviction under § 2113(a) qualifies as a crime of violence under the § 924(c)(3)(A) use-of-force clause. *See United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016) (concluding that a bank robbery conviction under § 2113(a) qualifies as a "crime of violence" under the § 924(c)(3)(A) use-of-force clause because (1) bank robbery "by force and violence" requires the use of physical force, (2) bank robbery "by intimidation" requires the threatened use of physical force, and (3) "[e]ither of those alternatives includes an element that is the use, attempted use, or threatened use

7

of physical force") (quotation marks omitted); *Royal v. Tombone*, 141 F.3d 596, 602 (5th Cir. 1998) (noting that a bank robbery conviction under § 2113(a) "includes as a necessary element the use of force and violence or intimidation" and referencing the § 924(c)(3)(A) use-of-force clause to conclude that a bank robbery conviction under § 2113(a) qualifies as a crime of violence); *see also United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000) (citing the § 924(c)(3)(A) use-of-force clause and concluding that armed bank robbery qualifies as a crime of violence because § 2113(a) requires a taking by force and violence, or by intimidation).

In *McNeal*, the Fourth Circuit explained precisely why a conviction under § 2113(a) alone would still satisfy the § 924(c)(3)(A) use-of-force clause:

> A taking "by force and violence" entails the use of physical force. Likewise, a taking "by intimidation" involves the threat to use such force. As the Seventh Circuit explained . . . , "[t]here is no space between 'bank robbery' and 'crime of violence'" because "violence in the broad sense that includes a merely threatened use of force is an element of every bank robbery."
>
> . . . .
>
> Put succinctly, . . . [b]ank robbery under § 2113(a), "by force and violence," requires the use of physical force. Bank robbery under § 2113(a), "by intimidation," requires the threatened use of physical force. Either of those alternatives includes an element that is "the use, attempted use, or threatened use of physical force," and thus bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3).

*McNeal*, 818 F.3d at 153 (citations and alterations omitted).

We agree with the Fourth Circuit's reasoning and hold now that a bank robbery conviction under § 2113(a) by force and violence or by intimidation qualifies as a crime of violence under the § 924(c)(3)(A) use-of-force clause. Therefore, Sams has not made a *prima facie* showing for relief as to his § 924(c) claim.

8

### III.   CAREER OFFENDER GUIDELINES CLAIM

Similarly, Sams has not made a showing that he is entitled to relief on his career-offender enhancement following *Johnson*.   Section 4B1.1 of the Sentencing Guidelines provides that a defendant is classified as a career offender if (1) he was at least 18 years old at the time of the offense of conviction; (2) the offense of conviction was either a crime of violence or a controlled-substance offense; and (3) he had at least two prior felony convictions of either a crime of violence or a controlled-substance offense.   U.S.S.G. § 4B1.1(a).   The Guidelines define "crime of violence" as any offense under federal or state law that is punishable by imprisonment for more than one year and:

> (1)  has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (2)  is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

In *United States v. Matchett*, 802 F.3d 1185, 1193-96 (11th Cir. 2015), this Court held that the vagueness doctrine, upon which *Johnson* invalidated the ACCA's residual clause, did not similarly apply to advisory Sentencing Guidelines.   Then, in *In re Griffin*, ___ F.3d ___, ___, No. 16-12012, 2016 WL 3002293, at *4 (11th Cir. May 25, 2016), we concluded that the "logic and principles established in *Matchett* also govern . . . when the Guidelines were mandatory." Alternatively, even if *Johnson* invalidated the § 4B1.2 residual clause, we concluded that *Welch* did not make *Johnson* retroactive for purposes of a successive § 2255 motion based on the Guidelines.   *In re Griffin*, ___ F.3d at ___, 2016 WL 3002293, at *5.

9

Sams has not satisfied the statutory criteria for filing a successive § 2255 motion based on his career-offender enhancement for several independent and alternative reasons.

First, Sams has not made a *prima facie* showing that *Johnson* applies to him in light of *Matchett*'s and *Griffin*'s precedent that the Sentencing Guidelines cannot be unconstitutionally vague. *See id.* at ___, 2016 WL 3002293, at *4; *Matchett*, 802 F.3d at 1195.

Second, our precedent holds that *Welch* does not make *Johnson* retroactive for purposes of filing a successive § 2255 motion raising a *Johnson*-based challenge to the Sentencing Guidelines. *See In re Griffin*, ___ F.3d at ___, 2016 WL 3002293, at *5; *see also Welch*, 578 U.S. at ___, 136 S. Ct. at 1264-65.

Third, even if *Johnson* retroactively applies to the Guidelines, Sams's claims still fail. Sams's presentence investigation report ("PSI") found him to be a career offender because he had the following prior felony convictions: (1) 1985 California convictions for seven counts of robbery;[2] and (2) 1985 federal convictions for two counts of bank robbery and two counts of robbery of savings and loan associations.[3]   Sams did not object to the PSI's listing of his convictions or to the fact of these prior convictions.   At sentencing, the district court adopted the findings of fact and conclusions of law in the PSI in all respects.   Sams also did not file a direct appeal.

---

[2]The seven robberies of banks and businesses were committed on different days during 1984-85 in Los Angeles, California, but Sams was sentenced to serve 15 years in prison for these convictions on the same day (July 16, 1985).   Thus, they count as one predicate for career-offender status.

[3]These robberies also were committed on different days, but the sentence was imposed on the dame day (September 9, 1985).   The PSI also identified other convictions for burglaries and robberies, but the above crimes were used for the career-offender designation.

Sams's robbery convictions categorically count as crimes of violence under the Guidelines' enumerated crimes clause. *See* U.S.S.G. § 4B1.2 cmt. n.1 (stating that "crime of violence" includes, *inter alia*, "robbery"); *In re Burgest*, ___ F.3d ___, No. 16-13597, 2016 WL 3923836, at *2 (11th Cir. July 21, 2016) (stating that this Court has recognized, based on the decision of the Supreme Court in *Stinson v. United States*, 508 U.S. 36, 38, 113 S. Ct. 1913, 1915 (1993), that "the definition of 'crime of violence' provided by the Guidelines commentary is authoritative"). Thus, Sams has the required two convictions for crimes of violence and is a career offender without regard to the Guidelines' residual clause. *Johnson*, even if retroactively applied to the Guidelines, does not benefit Sams.

## IV.    SAMS'S OTHER CLAIMS

Sams's claims also do not rely on newly discovered evidence. Sams seems to argue that *Brown* and *Alleyne* constitute newly discovered evidence. However, these decisions do not establish Sams's factual innocence of the offense of conviction. *See In re Boshears*, 110 F.3d 1538, 1541 (11th Cir. 1997) (holding that the applicant must show that the newly discovered evidence established that he was actually innocent of the offense). To the extent that Sams seeks to rely on the decisions in *Brown* and *Alleyne* as new rules of constitutional law, his claim fails. First, *Brown* is a decision from the district court, rather than a Supreme Court decision. Second, we have not yet determined, in a published opinion, whether *Alleyne* created a new rule of constitutional law that the Supreme Court made retroactive to cases on collateral review for purposes of authorizing a second or successive collateral attack, or whether it is retroactive to initial collateral proceedings. *See Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285-86 (11th Cir. 2014) (holding, in the context of a prisoner seeking to establish eligibility under the five-part

11

18 U.S.C. § 2255(e) savings clause test, that *Alleyne* does not apply retroactively on collateral review); *United States v. Harris*, 741 F.3d 1245, 1250 & n.3 (11th Cir. 2014) (applying *Alleyne* but noting that "doing so is not intended to suggest that *Alleyne* applies retroactively to cases on collateral review" because "*Alleyne* was decided in the context of a direct appeal, and the Supreme Court itself has not expressly declared *Alleyne* to be retroactive on collateral review").

Even assuming *arguendo* that *Alleyne* established a "new rule of constitutional law" within the meaning of § 2255(h)(2), it has not been made retroactive to cases on collateral review by the Supreme Court. For a new rule to be retroactive to cases on collateral review for purposes of authorizing a second or successive § 2255 petition, the Supreme Court itself must make the rule retroactive. *Tyler v. Cain*, 533 U.S. 656, 662-63, 121 S. Ct. 2478, 2482, 150 L. Ed. 2d 632 (2001). Although multiple cases can, together, make a rule retroactive, the holdings in those cases must necessarily dictate retroactivity of the new rule. *Id.* at 666, 121 S. Ct. at 2484. The Supreme Court itself has not expressly declared *Alleyne* to be retroactive to cases on collateral review. *See generally Alleyne*, 570 U.S. at ___, 133 S. Ct. at 2155-64. *Alleyne* also has not been made retroactive through any combination of cases that necessarily dictate retroactivity. Moreover, *Alleyne* was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review. *See id.* at ___, 133 S. Ct. at 2155-56; *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005) (concluding that *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), was not retroactively applicable in part because it was decided in the context of a direct appeal, and the Supreme Court had not applied it to a case on collateral review). Therefore, because the Supreme Court has not held, either directly or by a series of decisions that necessarily dictate its retroactivity, that *Alleyne* is retroactively

12

applicable, Sams's reliance on it for purposes of § 2255(h)(2) is misplaced. *See* 28 U.S.C. § 2255(h)(2); *Tyler*, 533 U.S. at 663, 666, 121 S. Ct. at 2482, 2484.

Furthermore, to the extent Sams seeks to rely on *Booker* as a new rule of constitutional law, his reliance is similarly misplaced. We have concluded that *Booker* is not retroactively applicable because it was decided in the context of a direct appeal and the Supreme Court had not since applied it to a case on collateral review. *Anderson*, 396 F.3d at 1339.

Finally, the remainder of Sams's claims, including his challenges to his conviction pursuant to § 2113(a), his claims of alleged juror and prosecutorial misconduct, and his ineffective assistance of counsel claims, do not meet the statutory criteria because *Johnson* and *Welch* did not address these issues. Further, Sams does not allege, much less show, that these claims rely on newly discovered evidence.

Accordingly, because Sams has not made a *prima facie* showing that his proposed claims meet the statutory criteria, his application for leave to file a second or successive motion is hereby DENIED.