[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13156
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00081-KD-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OTTO HENDRICK HORSTING, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(February 3, 2017)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Otto Horsting, III appeals his 180-month sentence after pleading guilty to one count of being a felon in possession of a firearm.  The district court sentenced him to the statutory mandatory minimum upon finding that his prior convictions

for unarmed bank robbery, for first-degree Alabama burglary and for assault with a dangerous weapon qualified as violent felonies under the "elements clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  On appeal, Horsting argues that: (1) the "intimidation prong" of the bank robbery statute, 18 U.S.C. § 2113(a), does not involve the use, attempted use, or threatened use of violent force as required by the elements clause; and (2) since intimidation does not require an intentional threat of violent force, a mens rea of recklessness or negligence could improperly lead to an ACCA conviction.  After careful review, we affirm.

We review de novo whether a particular conviction is a "violent felony" under the ACCA.  United States v. Canty, 570 F.3d 1251, 1254 (11th Cir. 2009). The ACCA imposes a 15-year mandatory minimum sentence on an offender who is convicted of violating 18 U.S.C. § 922(g) if the offender has three previous convictions for a violent felony or a serious drug offense.  18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii)   is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

2

18 U.S.C. § 924(e)(2)(B).  The first prong of this definition is sometimes called the "elements clause," while the second prong contains the "enumerated crimes" and "residual" clauses.  United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012).

Horsting's relevant prior conviction was under 18 U.S.C. § 2113(a), which makes it a crime if any person "by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association."  18 U.S.C. § 2113(a).  For § 2113(a) purposes, "intimidation occurs when an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts."  United States v. Kelley, 412 F.3d 1240, 1244 (11th Cir. 2005) (quotation omitted).  Section 2113(a) is a general intent crime, requiring a defendant to "possess[] knowledge with respect to the actus reus of the crime (here, the taking of property of another by force and violence or intimidation)."  Carter v. United States, 530 U.S. 255, 268 (2000).

In In re Sams, 830 F.3d 1234 (11th Cir. 2016), we addressed whether § 2113(a) robbery qualified as a crime of violence under the use-of-force clause found in 18 U.S.C. § 924(c)(3)(A).  Id. at 1237-39.  Section 924(c) requires a mandatory consecutive sentence for any defendant who uses a firearm during a

3

crime of violence or a drug trafficking crime.  18 U.S.C. § 924(c)(1).  For purposes

of § 924(c), "crime of violence" means an offense that is a felony and:

> (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3).  In holding that § 2113(a) robbery is a crime of violence under §

924(c), we agreed with this reasoning from the Fourth Circuit:

> Put succinctly, . . . [b]ank robbery under § 2113(a), "by force and violence," requires the use of physical force. Bank robbery under § 2113(a), "by intimidation," requires the threatened use of physical force. Either of those alternatives includes an element that is "the use, attempted use, or threatened use of physical force," and thus bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3).

In re Sams, 830 F.3d at 1239 (quoting United States v. McNeal, 818 F.3d 141, 153

(4th Cir. 2016)).

Here, the only question before us is whether § 2113(a) bank robbery

categorically qualifies as a violent felony under § 924(e).  We conclude that it

does.  In In re Sams, we held that § 2113(a) robbery is a crime of violence under §

924(c)'s language, and agreed with the Fourth Circuit's reasoning that intimidation

"requires the threatened use of physical force."   830 F.3d at 1239 (quoting

McNeal, 818 F.3d at 153).  Aside from a reference to "property" that is not at issue

here, the language of § 924(c)(3)(A) defining a crime of violence is identical to

4

that of § 924(e)(2)(B)(i)'s provision defining a violent felony. Compare 18 U.S.C. § 924(c)(3)(A) (requiring the underlying offense to include as an element, "the use, attempted use, or threatened use of physical force against the person or property of another"), with 18 U.S.C. § 924(e)(2)(B)(i) (requiring the underlying offense to include as an element, "the use, attempted use, or threatened use of physical force against the person of another"). Thus, bank robbery by intimidation also satisfies the ACCA elements clause's requirement of "threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

As for Horsting's mens rea argument, we are unpersuaded. In Kelley, we held that intimidation for the purposes of § 2113(a) robbery "occurs when an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts." 412 F.3d at 1244 (quotation omitted). This objective standard does not conflict with the Supreme Court's requirement of knowledge concerning the actus reus of unarmed bank robbery. Under § 2113(a), the applicable actus reus is the taking of the property of another by intimidation. See Carter, 530 U.S. at 268. That we assess "by intimidation" from the standpoint of a reasonable person in the victim's position does not mean the intimidating defendant has not knowingly "threatened use of physical force against the person of another." Rather, our approach simply measures the defendant's knowledge objectively, taking into account the circumstances surrounding his actions.

5

Notably, we still require, for purposes of § 2113(a), the government to prove that the accused knowingly took the property and that he knew his actions were objectively intimidating. As a result, contrary to Horsting's claim, reckless or negligent conduct is not included in the mens rea for § 2113(a) robbery.

In short, the district court did not err in finding that Horsting's § 2113(a) robbery conviction qualified as a violent felony under the ACCA. Nor did it err in imposing the statutory mandatory minimum sentence.

**AFFIRMED**.