[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16188
Non-Argument Calendar
_____

D.C. Docket Nos. 8:16-cv-01645-CEH-AAS,
8:14-cr-00165-CEH-AAS-2

ERSKINE JAMES MCKINLEY,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 10, 2017)

Before TJOFLAT, MARCUS, and JORDAN, Circuit Judges.

PER CURIAM:

Erskine McKinley, a federal prisoner, appeals the district court's order denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Because our precedent forecloses his arguments on appeal, we affirm.

In June of 2014, Mr. McKinley pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of brandishing a firearm in relation to a crime of violence, in violation of § 924(c)(1)(A)(ii). The district court varied below the advisory guidelines range, and imposed a sentence of 116 months' imprisonment for the bank robbery count, to be followed by 84 months' imprisonment for the firearm count.[1]

Mr. McKinley did not appeal his conviction or sentence, and his conviction became final in October of 2014. He then filed an initial § 2255 petition in June of 2016. The district court denied that petition, but later granted him a certificate of appealability on one issue: "whether *Johnson v. United States*, 135 S. Ct. 2551 (2015) extends to the residual clause under 18 U.S.C. § 924(c), and if so, whether bank robbery under 18 U.S.C. § 2113(a) qualifies as a 'crime of violence' under 18 U.S.C. § 924(c)'s force clause." D.E. 9.

---

[1] Based on a total offense level of 29 and a criminal history category of VI, the advisory guidelines range was 188 to 235 months' imprisonment. Because § 924(c)(1)(A)(ii) requires a mandatory minimum of 84 months' imprisonment to run consecutively to any other term of imprisonment and Mr. McKinley qualified as a career offender under U.S.S.G. §§ 4B1.1(c)(3) and 5G1.2(e), his adjusted guidelines range was 262 to 327 months' imprisonment.

We review *de novo* whether a defendant's prior conviction qualifies as a crime of violence under 18 U.S.C. § 924(c). *See United States v. McGuire*, 706 F.3d 1333, 1336 (11th Cir. 2013).

Mr. McKinley contends that his conviction for brandishing a firearm during a crime of violence under § 924(c) violated his due process rights because the residual (or risk-of-force) clause under § 924(c)(3)(B) is unconstitutionally vague under *Johnson*, 135 S. Ct. at 2557–2558, 2563 (striking down the residual clause of the Armed Career Criminal Act as unconstitutionally vague). In June of 2017, we recently considered that argument and held that *Johnson* "does not apply to or invalidate" the risk-of-force clause under § 924(c)(3)(B). *Ovalles v. United States*, 861 F.3d 1257, 1263–65 (11th Cir. 2017). Mr. McKinley's argument is therefore foreclosed by circuit precedent.

Mr. McKinley also argues that his bank robbery offense does not qualify as a crime of violence under § 924(c)'s use-of-force clause because it "may be committed by 'force and violence' or by 'intimidation.'" Appellant's Br. at 3. That argument, however, is also foreclosed by circuit precedent. *See In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016) (holding that "a bank robbery conviction under § 2113(a) by force and violence or by intimidation qualifies as a crime of violence under the § 924(c)(3)(A) use-of-force clause").

We affirm Mr. McKinley's conviction under § 924(c).

3

**AFFIRMED.**