[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12530
Non-Argument Calendar

_____

D.C. Docket No. 0:16-cr-60347-JIC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH MARTINEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 13, 2018)

Before WILSON, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Joseph Martinez appeals his 151-month sentence, imposed after he was convicted of four counts of bank robbery, under 18 U.S.C. § 2113(a), and one count of attempted Hobbs Act robbery, under 18 U.S.C. § 1951(a).  Martinez argues that the district court erred in sentencing him as a career offender under U.S.S.G. § 4B1.2 based on its findings that his 1999 Florida conviction for strong-arm robbery and his 2014 federal conviction for bank robbery were predicate crimes of violence.  After careful review, we affirm.

## I.

First, Martinez argues that his 1999 Florida conviction for strong arm robbery, under Florida Statute § 812.13(1), does not qualify as a crime of violence for purposes of career offender enhancement.  We review de novo whether a prior conviction qualifies as a "crime of violence" under the Sentencing Guidelines. *United States v. Lockley*, 632 F.3d 1238, 1240 (11th Cir. 2011).  Under our prior panel precedent rule, we are bound by prior decisions unless and until they are overruled or undermined to the point of abrogation by the Supreme Court or this Court sitting en banc.  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008); *see also Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001) ("[W]e categorically reject any exception to the prior panel precedent rule based upon a perceived defect in the prior panel's reasoning or analysis as it relates to the law in existence at that time.").

Under the 2016 version of the Sentencing Guidelines in effect at the time of Martinez's sentencing, a defendant is a career offender if: (1) the defendant was at least 18 years old at the time of the instant offense; (2) the instant offense is a crime of violence or controlled substance offense; and (3) the defendant has at least two prior "crime of violence" or controlled substance offense convictions. U.S.S.G. § 4B1.1(a).  Under § 4B1.2(a), a "crime of violence" is defined as any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)." *Id.* § 4B1.2(a).  Section 4B1.2(a)(1) is commonly referred to as the "elements clause" and § 4B1.2(a)(2) contains the "enumerated offenses." *See Lockley*, 632 F.3d at 1240–41.

Florida law defines robbery as "the taking of money or other property . . . from the person or custody of another, with intent to either permanently or temporarily deprive the person, or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear."  Fla. Stat. § 812.13(1).

In *Lockley*, we addressed whether a 2001 Florida attempted robbery conviction qualified as a crime of violence under the "enumerated offenses,"

"elements," and "residual" clauses of the career offender provision of the Sentencing Guidelines. 632 F.3d at 1240. We applied a pure categorical approach and determined that a conviction under Florida Statute § 812.13(1) was categorically a crime of violence as an enumerated offense, noting that its "elements hew almost exactly to the generic definition of robbery." *Id.* Further, we determined that a Florida robbery conviction was also categorically a crime of violence under the elements clause, concluding that the "commission of robbery in violation of Fla. Stat. § 812.13(1) necessarily requires that the defendant . . . us[e] force, violence, or an intentional threat of imminent force or violence against another coupled with an apparent ability to use that force or violence, or by causing the person to fear death or great bodily harm." *Id.* at 1242–43, 1245. In *United States v. Fritts*, we applied *Lockley* and held that a conviction pursuant to Florida Statute § 812.13 categorically qualifies as a violent felony under the elements clause of the Armed Career Criminal Act (ACCA). 841 F.3d 937, 942 (11th Cir. 2016).

Both *Lockley* and *Fritts* thus control the outcome of this case and require us to conclude that Martinez's 1999 Florida robbery conviction qualifies as a crime of violence under U.S.S.G. § 4B1.2. In an effort to circumvent our binding precedent, Martinez argues that *Lockley* was abrogated by *Curtis Johnson v. United States*, 559 U.S. 133 (2010), *Moncrieffe v. Holder*, 569 U.S. 184 (2013),

4

and *Descamps v. United States*, 570 U.S. 254 (2013).  Martinez's argument, however, ignores that *Lockley* was decided after *Curtis Johnson*, and, moreover, *Fritts*, which affirmed that *Lockley* remains binding precedent, was decided after *Moncrieffe* and *Descamps*.  Thus, *Lockley* and *Fritts* bind us here.  "Under this Court's prior panel precedent rule, there is never an exception carved out for overlooked or misinterpreted Supreme Court precedent."  *Fritts*, 841 F.3d at 942.  Accordingly, the district court did not err in sentencing Martinez as a career offender based on its finding that his 1999 Florida strong arm robbery conviction was a predicate crime of violence.

## II.

Next, Martinez argues that his 2014 federal bank robbery conviction, under 18 U.S.C. § 2113(a), does not qualify as a crime of violence for career enhancement purposes.  In the context of an application for leave to file a second or successive 28 U.S.C. § 2255 motion to vacate, however, we have held that a defendant's prior robbery convictions, including two federal convictions for bank robbery, were categorically crimes of violence under the Sentencing Guidelines' "enumerated offenses" clause.  *In re Sams*, 830 F.3d 1234, 1240–41 (11th Cir. 2016).

Here, Martinez's challenge that his prior federal bank robbery conviction was not a crime of violence is squarely foreclosed by our binding precedent in *In*

5

*re Sams*. While Martinez contends that *In re Sams* was wrongly decided, this Court is nonetheless bound by its prior decision, regardless of any perceived defects in its reasoning or analysis, unless overruled by the Supreme Court or this Court en banc. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008); *see also Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001). Thus, the district court did not err in sentencing Martinez as a career offender based on its finding that his 2014 federal bank robbery conviction was a predicate crime of violence. Accordingly, we affirm.

**AFFIRMED.**