[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16584
Non-Argument Calendar
_____

D.C. Docket Nos. 0:16-cv-61379-JIC; 0:10-cr-60206-JIC-1

KELVIN GIBSON,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 9, 2019)

Before WILSON, JILL PRYOR and HULL, Circuit Judges.

PER CURIAM:

Kelvin Gibson, a federal inmate, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate. Gibson argues that the district court erred in concluding that he was ineligible for relief from his 18 U.S.C. § 924(c) conviction and sentence, predicated on bank robbery. After careful review, we affirm.

I.

A grand jury indicted Gibson on one count of bank robbery, in violation of 18 U.S.C. § 2113(a) (Count 1), and one count of using and possessing a firearm during, or in furtherance of, a crime of violence (the bank robbery), in violation of 18 U.S.C. § 924(c) (Count 2). Under § 924(c), a "crime of violence" is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(A)-(B). The former definition is called the "elements clause" and the latter is known as the "residual clause." *See Ovalles v. United States*, 905 F.3d 1231, 1234 (11th Cir. 2018) (en banc).

Gibson pled guilty to Count 2 pursuant to a written plea agreement; in exchange, the government agreed to dismiss Count 1. In the factual proffer entered in support of the guilty plea, Gibson admitted that he pointed his gun at bank tellers and demanded money. The district court sentenced Gibson to 300 months'

2

imprisonment, a term that later was reduced to 120 months' imprisonment based on his substantial assistance to the government. *See* Fed. R. Crim. P. 35(b)(1). Gibson did not file a direct appeal.

Gibson filed the instant § 2255 motion after the Supreme Court struck as unconstitutionally vague the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii). *See Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). He argued that § 924(c)'s residual clause, which is similar to ACCA's, was unconstitutional under the same logic the Supreme Court articulated in *Johnson*. And, he argued, bank robbery did not qualify as a crime of violence under § 924(c)'s other definition, its elements clause. The district court denied Gibson's motion, concluding that bank robbery satisfied § 924(c)'s elements clause definition notwithstanding any effect *Johnson* may have had on § 924(c)'s residual clause.

This Court granted Gibson a certificate of appealability on whether the district court erred in concluding that Gibson's § 924(c) conviction and sentence, predicated on bank robbery under § 2113(a), was unaffected by *Johnson*.

3

II.

On appeal, Gibson argues that § 924(c)'s residual clause is unconstitutional. He further contends that bank robbery does not satisfy § 924(c)'s elements clause.[1] Because binding precedent forecloses both of his arguments, we affirm.[2]

In *Ovalles*, this Court sitting en banc upheld § 924(c)'s residual clause against a constitutional challenge by concluding that its text permitted courts to examine a defendant's conduct rather than the predicate offense statute—the approach that led to the demise of ACCA's residual clause. 905 F.3d at 1233-34. We are bound to follow *Ovalles* unless or until it is overruled or undermined to the point of abrogation by this Court sitting en banc or by the Supreme Court. *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003). Thus, Gibson's argument that § 924(c)'s residual clause is unconstitutional must fail.

We also are bound to reject Gibson's argument that robbery under 18 U.S.C. § 2113(a) does not satisfy § 924(c)'s elements clause. In *In re Sams*, this Court held that bank robbery under § 2113(a) categorically qualifies as an elements clause crime of violence. 830 F.3d 1234, 1239 (11th Cir. 2016). Although Gibson argues that *Sams*—as a published order on a request for authorization to file a

---

[1] "In a section 2255 proceeding, we review legal issues *de novo* and factual findings under a clear error standard." *United States v. Walker*, 198 F.3d 811, 813 (11th Cir. 1999).

[2] Given that Gibson's arguments fail on the merits, we need not address the government's argument that his claim is barred by the sentence appeal waiver in his plea agreement. *See United States v. St. Hubert*, 909 F.3d 335, 346 n.7 (11th Cir. 2018).

second or successive § 2255 motion, not a merits decision, *see id.* at 1235—is not binding outside the second or successive context, that argument also is foreclosed by circuit precedent. *See United States v. St. Hubert*, 909 F.3d 335, 345-46 (11th Cir. 2018). Following the logic of *St. Hubert*, as we must, *Sams* binds us unless or until it is overruled or undermined to the point of abrogation by this Court sitting en banc or by the Supreme Court. *Brown*, 342 F.3d at 1246. Thus, we conclude that Gibson's § 924(c) conviction is valid because his predicate offense, bank robbery, satisfies the elements clause.[3]

For the foregoing reasons, we affirm Gibson's § 924(c) conviction and sentence.

**AFFIRMED.**

---

[3] Because bank robbery satisfies § 924(c)'s elements clause, we need not decide whether Gibson's offense conduct satisfies the residual clause under *Ovalles*'s conduct-based approach, although we note that Gibson admitted to pointing a gun at bank tellers.