[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13927
Non-Argument Calendar
_____

D.C. Docket Nos. 0:16-cv-61325-RNS,
0:12-cr-60294-RNS-1

GREGORY RICHARDSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 8, 2019)

Before WILLIAM PRYOR, ROSENBAUM and GRANT, Circuit Judges.

PER CURIAM:

Gregory Richardson, a federal prisoner, appeals the denial of his motion to

vacate his sentence. 28 U.S.C. § 2255. Richardson sought to vacate his conviction

for brandishing a firearm during a bank robbery, 18 U.S.C. § 924(c)(1)(A)(ii), on the grounds that the residual clause in the definition of "crime of violence" in section 924(c), *see id.* § 924(c)(3)(B), is void for vagueness after *Johnson v. United States*, 135 S. Ct. 2551 (2015), and that bank robbery, 18 U.S.C. § 2113(a), does not satisfy the elements clause of section 924(c), *id.* § 924(c)(3)(A). The district court ruled that bank robbery qualified as a predicate offense under the elements clause regardless of any effect that *Johnson* had on section 924(c). We affirm.

Richardson's challenge to his sentence is foreclosed by our precedents. We held in *In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016), "that a bank robbery conviction under § 2113(a) by force and violence or by intimidation qualifies as a crime of violence under the § 924(c)(3)(A) use-of-force clause." Richardson argues that *Sams* adjudicated an application for leave to file a successive motion to vacate and is not precedential in his collateral proceeding. But we held in *United States v. St. Hubert*, 909 F.3d 335 (11th Cir. 2018), "that law established in published three-judge orders issued pursuant to 28 U.S.C. § 2244(b) in the context of applications for leave to file second or successive § 2255 motions is binding precedent on *all* subsequent panels of this Court, including those reviewing direct appeals and collateral attacks, unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *Id.* at 346 (alteration adopted and internal quotation marks and citation omitted).

2

Richardson's predicate offense of bank robbery is categorically a crime of violence under the elements clause of section 924(c).

We **AFFIRM** Richardson's conviction and sentence.