[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14937
Non-Argument Calendar

_____

D.C. Docket Nos. 2:16-cv-00394-WKW-SRW,
2:06-cr-00021-WKW-SRW-1

MARCUS RASHAWN SMITH,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(November 1, 2019)

Before MARCUS, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Marcus Rashawn Smith appeals the denial of his 28 U.S.C. § 2255 motion to vacate his convictions and sentences under 18 U.S.C. § 924(c). The district court granted a certificate of appealability ("COA") on the issue of whether his § 924(c) convictions were unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *Ovalles v. United States*, 905 F.3d 1231 (11th Cir. 2018) (*en banc*), *abrogated by United States v. Davis*, 139 S. Ct. 2319 (2019). On appeal, Smith argues his convictions for bank robbery under 18 U.S.C. § 2113(a) and (d) do not qualify as crimes of violence under either the elements or residual clauses of § 924(c). After review,[1] we affirm.

As brief background, a federal grand jury indicted Smith in 2006 on two counts of bank robbery "by force and violence and by intimidation," in violation of § 2113(a) and (d) (Counts One and Four), two counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence, namely, the bank robberies alleged in Counts One and Four, in violation of § 924(c)(1) (Counts Two and Five), and two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts Three and Six).

---

[1] In a § 2255 proceeding, we review legal issues *de novo* and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). The scope of our review of an unsuccessful § 2255 motion is limited to the issues enumerated in the COA. *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).

2

Pursuant to a plea agreement, Smith agreed to plead guilty to all counts in the indictment.  According to the factual proffer, on two separate occasions, Smith "knowingly and willfully [took] by force and violence and by intimidation from the person or presence of person(s), money, belonging to and in the care, custody, control, management, and possession of Banc Corp South Bank" and "did knowingly use and carry and brandished a firearm during and in relation to a bank robbery, a crime of violence which is punishable by a term of imprisonment of more than one (1) years."

Section 924(c) provides for a mandatory consecutive sentence for any defendant who uses a firearm during a crime of violence or a drug-trafficking crime.  18 U.S.C. § 924(c)(1).  Under § 924(c), "crime of violence" means an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3)(A), (B).  Subsection (A) is commonly referred to as the elements clause, while subsection (B) is commonly called the residual clause.  *In re Sams*, 830 F.3d 1234, 1236–37 (11th Cir. 2015).

In *Johnson*, the Supreme Court struck down as unconstitutionally vague 18 U.S.C. § 924(e)(2)(B)(ii), the Armed Career Criminal Act's (ACCA) residual

3

clause, which had defined a violent felony, in part, as any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  135 S. Ct. at 2555–58, 2563.   Thereafter, the Supreme Court held in *Welch* that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.  *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016).

Later, in *Dimaya*, the Supreme Court struck down a similar residual clause in 18 U.S.C. § 16(b), which had been incorporated into the Immigration and Nationality Act and had defined a "crime of violence" as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  138 S. Ct. at 1211 (quoting 18 U.S.C. § 16(b)).  After *Dimaya*, we held *en banc* in *Ovalles* that § 924(c)(3)(B)'s "residual clause" was not unconstitutionally vague because interpretation of that provision required a conduct-based approach instead of a categorical approach.  *Ovalles*, 905 F.3d at 1253.

However, on June 24, 2019, the Supreme Court in *Davis* held that the residual clause in § 924(c)(3)(B) is unconstitutionally vague.  139 S. Ct. at 2324–25, 2336.  The Supreme Court emphasized that there was no "material difference" between the language or scope of § 924(c)(3)(B) and the residual clauses

4

invalidated in *Johnson* and *Dimaya.* *Id.* at 2325–26. In *In re Hammoud*, we recently held that *Davis*, like *Johnson*, announced a new rule of constitutional law that applies retroactively on collateral review. *In re Hammoud*, 931 F.3d 1032, 1037–39 (11th Cir. 2019).

Here, we note, as an initial matter, that the district court's COA, though it explicitly references only *Johnson*, *Dimaya*, and *Ovalles*, is sufficient to encompass *Davis*'s application to the constitutionality of Smith's § 924(c) convictions. As to whether Smith has any viable claim based on *Davis*, we conclude that the district court properly denied Smith's § 2255 motion because, notwithstanding *Davis*'s invalidation of § 924(c)(3)(B)'s residual clause, under our binding precedent, Smith's bank robbery convictions qualify as crimes of violence under § 924(c)(3)(A)'s elements clause.[2]

In *In re Sams*, we denied an application for leave to file a second or successive § 2255 motion to challenge a § 924(c) conviction after *Johnson*, holding that a standard bank robbery conviction under § 2113(a) by force and violence or by intimidation categorically qualified as a crime of violence under § 924(c)(3)(A). *In re Sams*, 830 F.3d at 1239. "[L]aw established in published three-judge orders

---

[2] In addition to arguing that Smith's challenge to his § 924(c) convictions fails on the merits, the government contends that Smith's § 2255 motion was time-barred and procedurally defaulted. Because we readily conclude that Smith's claim fails on the merits, we need not address the government's procedural arguments.

issued pursuant to 28 U.S.C. § 2244(b) in the context of applications for leave to file second or successive § 2255 motions is binding precedent on <u>all</u> panels of this Court, including those reviewing appeals and collateral attacks." *United States v. St. Hubert*, 909 F.3d 335, 346 (11th Cir. 2018), *abrogated in part on other grounds by Davis*, 139 S. Ct. at 2324, 2336.

Thus, our prior precedent, which we are bound to follow, precludes Smith's claim that his bank robbery convictions do not qualify as "crime[s] of violence" under § 924(c). *See Scott v. United States*, 890 F.3d 1239, 1257 (11th Cir. 2018) ("The prior-panel-precedent rule requires subsequent panels of the court to follow the precedent of the first panel to address the relevant issue, unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court." (quotation marks omitted)). Accordingly, we affirm the district court's denial of Smith's § 2255 motion.

**AFFIRMED.**