[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10383

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

STANLEY YOUNG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 2:19-cr-00310-TFM-B-3

_____

Before LUCK, BRASHER, and MARCUS, Circuit Judges.

PER CURIAM:

Stanley Young appeals his convictions and sentences for aiding and abetting a bank robbery and aiding and abetting the brandishing of a firearm in furtherance of a crime of violence.  On appeal, he argues that: (1) the district court erred in denying his motions for a judgment of acquittal because the government offered only circumstantial evidence and relied on a codefendant's testimony; (2) his trial counsel rendered ineffective assistance by not calling another codefendant to testify; and (3) his sentence is unreasonable and unconstitutional.  After careful review, we affirm.

We review *de novo* a district court's denial of a motion for judgment of acquittal based on the sufficiency of the evidence. *United States v. Keen*, 676 F.3d 981, 994 (11th Cir. 2012).  When a party raises a claim of evidentiary error for the first time on appeal, we review it for plain error. *United States v. Smith*, 459 F.3d 1276, 1296 (11th Cir. 2006).  To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007).  If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

First, we are unpersuaded by Young's claim that the district court erred in denying his motions for a judgment of acquittal

based on his claim that the evidence was insufficient for conviction. In reviewing this claim, we consider whether a reasonable trier of fact, viewing the evidence in the light most favorable to the government, could find the defendant guilty beyond a reasonable doubt. *United States v. Farley*, 607 F.3d 1294, 1333 (11th Cir. 2010). A review of the sufficiency of the evidence considers only facts that were presented to the jury. *See United States v. Almanzar*, 634 F.3d 1214, 1221–22 (11th Cir. 2011). Additionally, "no distinction is to be made between the weight given to either direct or circumstantial evidence." *United States v. Bowers*, 811 F.3d 412, 424 (11th Cir. 2016) (quotations omitted). If the government's case relies on circumstantial evidence, however, reasonable inferences must support the jury's verdict, not mere speculation. *Id.*

It is illegal to take money from a bank by force, violence, or intimidation, and any person who aids or abets another in doing so is punishable as a principle. 18 U.S.C. §§ 2(a), 2113(a). A ten-year mandatory minimum sentence is imposed if the offender forces another to accompany him without that person's consent. *Id.* § 2113(e). Under 18 U.S.C. § 924(c)(1)(A)(ii), a seven-year mandatory minimum sentence is imposed if the defendant brandished a firearm during a crime of violence. Armed bank robbery under 18 U.S.C. § 2113(a) qualifies as a crime of violence for the purposes of § 924(c). *In re Sams*, 830 F.3d 1234, 1238 (11th Cir. 2016).

Here, the district court did not err in denying Young's motion and renewed motion for judgment of acquittal based on his claim that the evidence was insufficient to convict him. In making

this argument, Young does not dispute that his codefendants Jabriel Bell and Fortune Hoppins committed the crime; rather, he argues only that the evidence was insufficient to show his involvement in the crimes of conviction -- aiding and abetting a bank robbery and the brandishing of a firearm in furtherance of a crime of violence. However, the testimony at trial established that: codefendants Bell and Hoppins were the two robbers who entered the bank; Young was with Bell and Hoppins on the night before the robbery when the three men obtained the getaway car; Young obtained the switch car on the morning of the robbery; Young was with Bell in the hours before the robbery; Young was with Bell, Hoppins, and the switch car in the hours after the robbery; when Young was arrested in Connecticut, he was carrying a nine-millimeter Glock pistol that was stolen in Alabama and similar to the one used by the bank robbers; Young told a fellow inmate that he was going to have Hoppins lie and say Young was not the getaway driver; Hoppins told an investigator that Young was not the getaway driver but gave conflicting accounts about who the driver was; and Young also told a fellow inmate that he would pay someone to beat up Bell because he thought Bell snitched on him. Further, cell phone records and witness testimony revealed that the phone number connected to Young made several calls to the phone number connected to codefendant Bell just before and after the robbery; that there was a 24-minute period of inactivity around when the robbery occurred; and that Young's phone pinged a cell tower within a mile of the bank during these calls. In sum, the witness testimony and cell phone forensic analysis presented at trial connected Young

with the robbers, the getaway and switch cars, and the area of the bank around the time of the robbery -- all of which was more than sufficient for the jury to find Young guilty beyond a reasonable doubt of aiding and abetting a bank robbery and the brandishing of a firearm in furtherance of a crime of violence.

To the extent Young challenges the cell phone forensic analysis as "unverified," he did not object when the district court qualified James Benri, a special agent with the FBI's cellular analysis surveillance team, as an expert in historical cell-site analysis, nor did he object when Benri's report and the phone records were admitted into evidence. As a result, we review this claim for plain error. *Smith*, 459 F.3d at 1296. But since Young does not tell us how the cell phone data or Agent Berni's analysis was lacking, we can find no plain error here. *Turner*, 474 F.3d at 1276. As for Young's suggestion that the testimony about where he was after the robbery was "irrelevant," we disagree. This testimony, which described Young's whereabouts before and after the crime, was plainly relevant to the government's case. And as for Young's claim that the district court erred in some respect concerning Bell's testimony, it is meritless. As the record reflects, Bell did not testify at trial and no statement from him was introduced into evidence. Nor did any other codefendant testify at trial. Consequently, there was no "uncorroborated codefendant testimony" at trial.

In short, taking the evidence in the light most favorable to the government, a reasonable trier of fact could find beyond a reasonable doubt that Young aided and abetted Bell and Hoppins in

committing the bank robbery and aided and abetted the brandishing of a firearm during the robbery.  Accordingly, we affirm as to this issue.

Next, we decline to consider Young's ineffective assistance of counsel claim.  Generally, we will not consider a claim of ineffective assistance of counsel raised for the first time on direct appeal if the district court did not "entertain the claim nor develop a factual record." *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (quotations omitted).  "The preferred means for deciding a claim of ineffective assistance is through a 28 U.S.C. § 2255 motion even if the record contains some indication of deficiencies in counsel's performance." *Id.* (quotations omitted).

Here, we decline to consider Young's ineffective assistance of counsel claim because the district court did not entertain this claim and the factual record is inadequate to resolve it. *See id.*  Notably, there is no evidence in the record concerning the decision of Young's counsel not to call Hoppins to testify at trial.  In any event, even if there was some indication in the record that counsel was deficient, the preferred means for deciding this claim is through a § 2255 motion. *See id.*

Finally, we reject Young's claim that his sentence is unreasonable and unconstitutional.  Typically, issues not raised in an initial brief on appeal are deemed abandoned, *United States v. Campbell*, 26 F.4th 860, 871 (11th Cir. 2022) (*en banc*), and their "merits will not be addressed." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).  An abandoned issue can either be

waived or forfeited. *Campbell*, 26 F.4th at 872 (noting that jurists interchangeably use the words "waived," "forfeited," and "abandoned"). Forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right. *See id.* at 872–873 (stating the practical effect is that forfeited issues can be raised *sua sponte* in extraordinary circumstances, while waived issues cannot). Thus, the failure to raise an issue in an initial brief on direct appeal is treated as forfeiture of the issue. *Id.* at 873. To avoid forfeiting an issue, a defendant's initial brief must plainly and prominently raise it by devoting a discrete section of his argument to the claim; simply stating that an issue exists, without further argument or discussion, constitutes forfeiture. *See United States v. Montenegro*, 1 F.4th 940, 944 n.3 (11th Cir. 2021).

Here, Young forfeited any challenge to his sentence as unreasonable and unconstitutional. His counseled brief simply states this challenge in a conclusory and perfunctory manner without further argument or discussion. *See id.* Accordingly, we affirm as to this issue as well.

**AFFIRMED.**