[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  20-11665
Non-Argument Calendar
_____

D.C. Docket Nos. 2:16-cv-00509-MHT-CSC; 2:09-cr-00086-MHT-CSC-2

JERALD DEAN GODWIN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.
_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(September 9, 2020)

Before MARTIN, ROSENBAUM and DUBINA, Circuit Judges.

PER CURIAM:

Petitioner/Appellant, Jerald Dean Godwin, a counseled federal prisoner, appeals the district court's order denying his motion to vacate his conviction and sentence brought under 28 U.S.C. § 2255.  The district court concluded that

Godwin was not eligible for relief from his 18 U.S.C. § 924(c) conviction under *United States v. Davis*, 139 S. Ct. 2319 (2019) and *In re Sams*, 830 F.3d 1234 (11th Cir. 2016). The government has moved for summary affirmance and to stay the briefing schedule.

## I.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

## II.

When reviewing a district court's denial of a 28 U.S.C. § 2255 motion, we review questions of law *de novo* and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). We may affirm for any reason supported by the record. *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016). "[U]nder this Court's prior-panel-precedent rule, a prior panel's

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

holding is binding on all subsequent panels unless and until is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015) (internal quotation marks omitted). The prior panel precedent rule cannot be circumvented based on arguments not considered by the prior panel. *Id.* And we have confirmed that the prior panel precedent rule applies with equal force to "published three-judge orders issued pursuant to 28 U.S.C. § 2244(b) in the context of applications for leave to file second or successive § 2255 motions." *United States v. St. Hubert*, 909 F.3d 335, 346 (11th Cir. 2018), *abrogated on other grounds by Davis*, 139 S. Ct. at 2323, 2336.

## III.

Section 924(c) of Title 18 of the United States Code criminalizes the use or carrying of a firearm in furtherance of a crime of violence or drug trafficking crime. "Crime of violence" is defined as a felony offense that either

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

3

Recently, in *Davis*, the Supreme Court extended its holdings in *Johnson v. United States*, 576 U.S. 591, 135 S. Ct. 2551 (2015) and *Dimaya*[2] to § 924(c) and held that § 924(c)(3)(B)'s residual clause, like the residual clauses in the Armed Career Criminal Act ("ACCA") and 18 U.S.C. § 16(b), is unconstitutionally vague. *Davis*, 139 S. Ct. at 2324-25, 2336.  In so holding, the Court emphasized that there was no "material difference" between the language or scope of § 924(c)(3)(B) and the residual clauses struck down in *Johnson* and *Dimaya*, and, therefore, concluded that § 924(c)(3)(B) was unconstitutional for the same reasons.  *Id.* at 2326, 2336.

We have held that *Davis* announced a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  *In re Hammoud*, 931 F.3d 1032, 1038-39 (11th Cir. 2019); *see* 28 U.S.C. § 2255(h)(2).  In so stating, we also held that *Davis* extended *Johnson*'s and *Dimaya*'s holdings to a new statutory context, while noting that *Davis*'s result was not necessarily dictated by precedent.  *In re Hammoud*, 931 F.3d at 1038-40 (stating that *Davis* was a new constitutional rule "in its own right, separate and apart from (albeit primarily based on) *Johnson* and *Dimaya*").  We further held that the district court, having never previously considered the *Davis* issue, should review the merits of such a claim in the first instance.  *Id.* at 1040-41.  We noted that "in the district court, Hammoud will bear the burden of showing that he is

---

[2] *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

4

actually entitled to relief on his *Davis* claim, meaning he will have to show that his § 924(c) conviction resulted from application of solely the residual clause." *Id.* at 1041 (citing *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017)).

In *Beeman*, we held that a § 2255 movant must prove that it was "more likely than not" that the use of the residual clause led the sentencing court to impose the ACCA enhancement. *Beeman*, 871 F.3d at 1221-22. In doing so, we rejected the movant's premise that a *Johnson* movant had met his burden unless the record affirmatively showed that the district court relied upon the ACCA's elements clause. *Id.* at 1223. We stated that each case must be judged on its own facts and that different kinds of evidence could be used to show that a sentencing court relied on the residual clause. *Id.* at 1224 n.4. As examples, we stated that a record may contain direct evidence in the form of a sentencing judge's comments or findings indicating that the residual clause was essential to an ACCA enhancement. *Id.* Further, we stated that a record may contain sufficient circumstantial evidence, such as unobjected-to presentence investigation report statements recommending that the enumerated-offenses and elements clauses did not apply or concessions made by the prosecutor that those two clauses did not apply. *Id.*

We emphasized that the relevant issue is one of historical fact—whether at the time of sentencing the defendant was sentenced solely under the residual

5

clause. *Id.* at 1224 n.5. Accordingly, we noted that precedent issued after sentencing "casts very little light, if any, on the key question" of whether the defendant was, in fact, sentenced under only the residual clause. *Id.* We also noted that if the law at the time of sentencing was clear that the defendant's prior conviction qualified as a violent felony under only the residual clause, such circumstantial evidence would strongly point towards finding that the defendant was sentenced under the residual clause. *Id.* Moreover, in *In re Sams*, we held that bank robbery otherwise qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause, which remains valid even after *Davis*. *In re Sams*, 830 F.3d at 1238-39.

## IV.

Here, the government's position that Godwin's claim is foreclosed by *In re Sams* is correct as a matter of law. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Specifically, we have already determined that bank robbery under § 2113(a) categorically qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause. *See In re Sams*, 830 F.3d at 1238-39. It is immaterial that the decision in *In re Sams* was an order on a successive application because, as a published order, it is binding precedent even in § 2255 proceedings. *St. Hubert*, 909 F.3d at 346.

It is true that, in *In re Sams*, we did not expressly decide whether § 2113(a) is divisible. But by applying the categorical approach in reaching our conclusion

that bank robbery categorically qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause, we necessarily concluded that § 2113(a) is indivisible. And although we did not consider in *In re Sams* the precise arguments Godwin now asserts regarding the bank robbery statute, our prior panel precedent rule applies all the same because we did not limit our holding in *In re Sams* to any portion of the bank robbery statute. *See In re Lambrix*, 776 F.3d at 794; *In re Sams*, 830 F.3d at 1238-39. Godwin's arguments that *In re Sams* and *St. Hubert* were wrongly decided are without merit, as we remain bound by our prior published decisions, and neither case has been "overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *See In re Lambrix*, 776 F.3d at 794 (internal quotation marks omitted).

Further, Godwin's argument that the district court incorrectly applied *Beeman* is without merit. First, we have indicated that district courts should apply *Beeman* in the context of § 2255 motions challenging § 924(c) convictions under *Davis*. *See In re Hammoud*, 931 F.3d at 1041.

Second, the district court correctly applied *Beeman* as an alternative conclusion to its finding that *In re Sams* precludes relief. Godwin's reliance on the portion of *Beeman* explaining that the inquiry is one of "historical fact" is misplaced. *See Beeman*, 871 F.3d at 1224 n.5. In essence, Godwin argues that, if *Beeman* applies, *In re Sams* is irrelevant because the *Beeman* inquiry looks to the

7

state of the law at the time of the § 924(c) conviction and the *In re Sams* decision issued in 2016—after he was convicted.  However, in the context of the entire *Beeman* decision, it is clear that the historical fact inquiry is narrower than Godwin suggests; the inquiry focuses on whether at the time of sentencing, the defendant was sentenced solely under the residual clause.  *See id.* at 1221-22.

For that reason, we explained, a decision holding that a crime is not a violent felony under the elements clause in § 924(e), issued after a defendant was sentenced, "cast[s] very little light" on the issue of whether the defendant was sentenced solely under the residual clause.  *See id*. at 1224 n.5.  This is because, in cases where the predicate offense was later held not to be a crime of violence under the elements clause, the district court may still have relied on the elements clause at the time, under the mistaken belief that the predicate qualified under that clause.  But *In re Sams* did not hold that bank robbery is *not* a crime of violence under § 2113(a).  *See In re Sams*, 830 F.3d at 1238–39.  Thus, a district court's reliance, prior to *In re Sams*, on the elements clause in concluding that bank robbery qualified as a crime of violence was proper then as it is now and, as relevant to *Beeman*, means that Godwin could not show that the district court relied solely on § 924(c)(3)(B)'s residual clause in adjudicating him guilty of his § 924(c) conviction.  *See Beeman*, 871 F.3d at 1124 n.5.

## V.

8

Finally, Godwin's argument regarding the alleged interplay between the standards for granting a certificate of appealability ("COA") and for granting summary affirmance fails.  Notably, here, it was the district court that issued a COA.  In such cases, the two standards could only conflict if we were bound by the district court's conclusion that there was a debatable question of law warranting a COA.  But we are not bound by that conclusion and are free to conclude that summary affirmance is warranted on the ground that "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case."  *See Groendyke Transp., Inc.*, 406 F.3d at 1162.  Because we conclude that the government's position—that *In re Sams* controls the outcome of Godwin's appeal—is right as a matter of law, we GRANT the government's motion for summary affirmance.  *See id.*  Accordingly, we DENY AS MOOT the government's motion to stay the briefing schedule.